**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LURENE PATRICIA ADAMS | ) | CASE NO. **18-36080-KRH** |
| | ) | |
| | ) | JUDGE KEVIN R. HUENNEKENS |
| DEBTOR. | ) | |

---

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF BUNGALOW SERIES F TRUST | ) ) ) |
| MOVANT, | ) |
| | ) |
| V. | ) |
| | ) |
| LURENE PATRICIA ADAMS 10703 Kriserin Circle Chester, VA 23831, | ) ) ) |
| DEBTOR, | ) |
| | ) |
| ERROL ADAMS 10703 Kriserin Circle Chester, VA 23831, | ) ) ) |
| CO-DEBTOR, | ) |
| | ) |
| **CARL M. BATES** **TRUSTEE** **P.O. Box 1819** **Richmond, VA 23218** | ) ) ) ) |
| | ) |
| RESPONDENTS. | ) |
| _____ | ) |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter is before the court on July 24, 2019, on the motion of U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF BUNGALOW SERIES F TRUST ("Movant") for relief from the automatic stay and co-debtor stay with respect to the real property located at 10703 Kriserin Circle, Chester, VA 23831-9200 ("Property"), and is more particularly described as follows:

Keith Yacko (VA Bar No. 37854)
McMichael Taylor Gray, LLC
3550 Engineering Dr. Suite 260
Peachtree Corners, GA 30092

470-289-4347  kyacko@mtglaw.com

ALL that certain lot, piece or parcel of land with improvements thereon and appurtenances thereto belonging, lying and being in Chesterfield County, Virginia and designated as Lot #32 Plat of "Wellington Farms", Section "B" dated July 19, 1993 made by Bengston, Debell & Elkin, LTD., and recorded December 8, 1993 in the Clerk's Office of the Circuit Court of Chesterfield County, Virginia in Plat Book 82, pages 88 and through 90 and to which Plat reference is hereby made for a more particular description.

Upon consideration of which it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $1,778.36, as they become due commencing on July 1, 2019.

2. The debtor will cure the post-petition arrearage currently due to the movant from January 1, 2019 through June 1, 2019 in the total amount of $11,701.16, which includes attorneys' fees and filing fees. The debtor will cure the arears by making the following payments:

a) $950.09 on or before July 15, 2019
b) $950.09 on or before August 15, 2019
c) $950.09 on or before September 15, 2019
d) $950.09 on or before October 15, 2019
e) $950.09 on or before November 15, 2019
f) $950.09 on or before December 15, 2019
g) $950.09 on or before January 15, 2020
h) $950.09 on or before February 15, 2020
i) $950.09 on or before March 15, 2020
j) $950.09 on or before April 15, 2020
k) $950.09 on or before May 15, 2020
l) $950.17 on or before June 15, 2020

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

      3.a. That the debtor is in default in making at least one required under this order:

      3.b. The dates and amount of each payment missed and any late change or other fees necessary to cure the default;

      3.c. The action necessary to cure the default, including any address to which payment must be mailed;

      3.d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

3.d.i.       Cure the default

3.d.ii.       File an objection with the court stating that no default exists; or

3.d.iii.       File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered.

      3.e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

      3.f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

      If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of the order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

      If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.    The provisions of this order with respect to regular monthly payments and cure payments expire twelve (12) months after the date of the entry of this order. In the event of the default in payments of any regular monthly payment due more than twelve (12) months after the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.    Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.    The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements, or invoices, notices of late payment changes,

notices of servicing transfers, or any other notices, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $50 for issuance of a notice of default, and an additional $100 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

8. Relief is granted as to Errol Adams, the co-debtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the debtor.

DONE at, Richmond, Virginia this day

Aug 9 2019

/s/ Kevin R Huennekens
_____
United States Bankruptcy Judge

ENTERED ON DOCKET: Aug 12 2019

I ASK FOR THIS:

/s/ Keith Yacko
Keith Yacko
Virginia Bar No. 37854
3550 Engineering Dr.
Suite 260
Peachtree Corners, GA. 30092
470-289-4347
kyacko@mtglaw.com
*Attorney for Movant*

SEEN AND AGREED:

/s/ Amanda Erin DeBerry
Amanda Erin DeBerry
Veronica D. Brown-Moseley
Christopher John Flynn
Boleman Law Frim
P.O. Box 11588
Richmond, VA 23230
*Attorneys for Debtor*

SEEN AND AGREED:

/s/ Carl M. Bates
Carl M. Bates
P.O. Box 1819

Richmond, VA 23218
*Chapter 13 Trustee*

## **CERTIFICATION**

The undersigned certifies that the foregoing Order Granting Relief from Stay is substantially in compliance with the form order required by Administrative Order 10 2

/s/ Keith Yacko
Attorney for Movant

## **CERTIFICATION**

The undersigned certifies, pursuant to Rule 9022 1(e) that all necessary parties have endorsed the foregoing Order and that the Order is ready for entry.

 /s/ Keith Yacko
Attorney for Movant

Will the clerk please send copies of this Order in electronic format to all parties who are listed on the ECF system and to:

Lurene Patricia Adams
10703 Kriserin Circle
Chester, VA 23831

Errol Adams
10703 Kriserin Circle
Chester, VA 23831